Per Curiam.
The appellee filed her petition in the probate court of Rankin county, for an allotment of dower in certain lots of land in or adjoining the town of Brandon, which was resisted by the appellants, who are tenants in possession. We have decided, at the present term, that it is not competent for the probate court to adjudicate on conflicting rights in proceedings for dower, but that parties must be left to their appropriate legal remedies after an allotment has been made. But the widow must establish the seizin of her husband, either actual or constructive, at some period during the coverture. Doss and Wife v. Randolph, 3 How. 205; Caruthers v. Wilson, 1 S. & M. 527. In order to do this, she produced the deed under which her husband claimed title, and if by that her right is defeated, then of course she failed in showing a right to dower, and the judgment must be manifestly wrong.
*741 The demandant’s husband held but a lease for ninety-nine years, which vested but a chattel interest. The statute provides that the widow shall be endowed out of the “ lands, tenements and hereditaments, of which her husband died seized, or had before conveyed,” &c. H. & H. Dig. 351. By another provision, we find that she may be endowed of certain equities. But her husband’s title was not to “ lands, tenements or hereditaments,” nor to any equity in them. There can be no technical seizin of a chattel interest. By the common law, the terms used in the statute have a well defined meaning, and we can find no authority in the statute to justify us in departing from their common law meaning. By the rules of the common law, the wife can only be endowed out of a freehold estate of inheritance. Clancy’s Husband and Wife, 195; 4 Kent’s Com. 35, 40; Cruise’s Dig. Title Dower. The lease for ninety-nine years, was but a chattel real, and dower is a freehold estate, which never can be carved out of an estate for years. A lease for any definite period, is an estate for years. A lease for one year, and a lease for ninety-nine years, create an estate of the same dignity ; and if a widow can be endowed of one, she can of the other. It would be absurd to say that a widow was entitled to be endowed for life, in a term which her husband had held under a lease for one year. The petitioner, then, on her own showing, was not entitled to dower in the premises. The estate was insolvent, and she could therefore claim no interest in the term as a chattel.
The judgment must be reversed.